RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0212p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

*v.*

WILLIE GARTH,

> *Defendant-Appellant*.

No. 19-5658

─────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 1:18-cr-00041-1—Travis R. McDonough, District Judge.

Argued:  June 18, 2020

Decided and Filed:  July 14, 2020

Before:  COLE, Chief Judge; McKEAGUE and KETHLEDGE, Circuit Judges.

─────────────

#### COUNSEL

**ARGUED:**  Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant.  Daniel J. Richardson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant.  Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, Christopher D. Poole, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

McKEAGUE, J., delivered the opinion of the court in which KETHLEDGE, J., joined. COLE, C.J. (pg. 8), delivered a separate opinion concurring in part and in the judgment.

---

**OPINION**

---

McKEAGUE, Circuit Judge.    Under the United States Sentencing Guidelines, a defendant's sentence in federal court can be enhanced by his prior conviction in state court.  An earlier state drug crime, for instance, will often boost prison time for a federal one.  But not always.  The guidelines have just one definition of drug crimes that can enhance sentences ("controlled-substance offenses"), yet each state defines its drug crimes in its own way— sometimes in ways that venture beyond the guidelines' definition.  Willie Garth's appeal from his sentence requires us to decide whether his prior Tennessee conviction for possessing marijuana with intent to deliver counts as a sentence-enhancing controlled-substance offense.  We hold that it does, and affirm Garth's sentence.

**I**

Garth pled guilty to possessing crack-cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  His sentencing guidelines range was originally 70 to 87 months' imprisonment.  The range jumped, though, after taking into account Garth's prior Tennessee convictions for aggravated assault and possession of marijuana with intent to deliver.  Those two convictions combined triggered the "career-offender enhancement," which applies when a defendant has more than one prior conviction for either crimes of violence or controlled-substance offenses.  U.S.S.G. § 4B1.1.  Adding the enhancement to the mix, Garth's guidelines range became 151 to 188 months' imprisonment.  The district court ultimately sentenced Garth to 110 months' imprisonment.

**II**

Garth appealed, and argues that the career-offender enhancement shouldn't have applied because Tennessee possession with intent to deliver is not a controlled-substance offense as the guidelines define that phrase.  We review this claim de novo.  *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam).

To determine whether Garth's prior conviction counts as a controlled-substance offense under the guidelines, we use the three-step "categorical approach." We first map out what conduct is criminalized under the guidelines' definition. Next, we do the same for conduct criminalized under the state law that led to the conviction. Finally, we overlay the two: if the outer edges of the state law—often the "least culpable conduct" that the law proscribes—extend past the guidelines' definition, then the conviction doesn't count; if, however, the boundaries of the state law and the guidelines' definition are coterminous, or the guidelines' definition sweeps more broadly, then the conviction counts. In other words, the guidelines must fully envelop the state law of conviction. *See id.* at 384–85 (explaining the categorical approach).

Section 4B1.2(b) of the guidelines is therefore the starting point. That section, using the language of federal drug law, defines a controlled-substance offense as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Or, to simplify, a federal or state felony conviction for possessing a controlled substance with intent to distribute counts as a controlled-substance offense. Let's map out the elements of federal possession with intent to distribute, which § 4B1.2(b) mentions by name. The government must prove that the defendant knowingly possessed a controlled substance with intent to distribute it. *United States v. Calvetti*, 836 F.3d 654, 668 (6th Cir. 2016). Distribution means "delivery"—"the actual, constructive, or attempted transfer of a controlled substance . . . ." 21 U.S.C. § 802(8) and (11). And intent to distribute can be inferred from the quantity of a controlled substance possessed by the defendant and other evidence indicating the substance possessed was not intended for personal use. *See United States v. Vincent*, 20 F.3d 229, 233 (6th Cir. 1994).

Next, Tennessee law. Under Tennessee's possession-with-intent-to-deliver statute, Tenn. Code Ann. § 39-17-417(a)(4), the state must prove both that the defendant "knowingly possessed the controlled substance" and "intended to sell or deliver the substance." *State v. Ostein*, 293 S.W.3d 519, 529 (Tenn. 2009). Delivery is "the actual, constructive, or attempted transfer from

one person to another of a controlled substance." Tenn. Code Ann. § 39-17-402(6). And intent to deliver "may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest[.]" *Ostein*, 293 S.W.3d at 529 (quoting Tenn. Code Ann. § 39–17–419).

Now we compare. Is there any daylight between Tennessee possession with intent to *deliver* and federal possession with intent to *distribute*, the crime listed in the guidelines? We think not. Both criminalize the same conduct: knowing that you have illegal drugs (like marijuana) and intending to give them to someone else. And yes, Tennessee opted for the word "deliver" in its law rather than the federal term "distribute," but the distinction makes no difference. To distribute under federal law is to deliver, just as Tennessee uses the word deliver: "actual, constructive, or attempted transfer." *Compare* 21 U.S.C. § 802(8) and (11) *with* Tenn. Code Ann. § 39-17-402(6). These similarities are unsurprising considering Tennessee's drug law was "patterned after the Uniform Controlled Substances Act," which, "in turn, is based in large measure on the Federal Controlled Substances Act[.]" *State v. Edwards*, 572 S.W.2d 917, 920 n.2 (Tenn. 1978).

We're not looking for a literal match, anyway. As long as "the elements of the [state] offense are of the type that would justify its inclusion within the definition of a controlled-substance offense[,]" the offense is covered. *United States v. Woodruff*, 735 F.3d 445, 449 (6th Cir. 2013). Any mere "lexical differences" between Tennessee law and federal law are immaterial. *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014). So, understandably, panels of this court have "always treated" Tennessee possession with intent to deliver "as a categorical controlled substance offense." *Id.* (collecting unpublished cases).

**III**

Garth argues everything changed with our en banc decision in *Havis*. There, we decided that Havis's Tennessee conviction for delivery of a controlled substance was *not* a controlled-substance offense under the guidelines. *Havis*, 927 F.3d at 387. We reached that result because "the parties agree[d] that the least culpable conduct" Tennessee delivery proscribes is "attempted delivery," but the guidelines' definition covers only the controlled-substance offenses listed in

the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary. *Id.* at 385, 387. So, Garth says, the same goes for Tennessee possession with intent to deliver. If delivery means attempted delivery, Tennessee therefore proscribes "possession-with-intent-to-attempt-to-deliver," an attempted crime or form of simple possession falling outside the guidelines' definition. A Tennessee conviction for possession with intent to deliver thus cannot be a sentence-enhancing controlled-substance offense, Garth argues.

We disagree for three reasons.

*First*, Garth makes the wrong substitution. Delivery means attempted *transfer*, not attempted *delivery*. Tenn. Code Ann. § 39-17-402(6). Why split hairs? Because, following federal law down a definitional rabbit-hole, 21 U.S.C. § 802(8) and (11), we end up with the same crime as in Tennessee: possession-with-intent-to-attempt-to-transfer. This crime, strange as it sounds, is what the text of the guidelines' definition covers.

Of course, *Havis* did say delivery covers attempted delivery. But that was because of the parties' agreement. Were we to extend that agreement, strange results would follow. If Garth and the parties in *Havis* are right that Tennessee delivery covers attempted delivery because delivery means attempted transfer, *see Havis*, 927 F.3d at 384, the same presumably goes for identically defined federal distribution—which is to say, delivery, or attempted transfer. By this logic, federal distribution encompasses attempted distribution, so all 21 U.S.C. § 841(a) convictions for distribution and possession with intent to distribute (that is, most federal drug convictions) would fall outside the guidelines' definition of a controlled-substance offense. That can't be what the guidelines' drafters had in mind. *See United States v. Oliver*, 919 F.3d 393, 400 (6th Cir. 2019) (noting that courts interpret the guidelines so as not to "produce a result demonstrably at odds with the intentions of" its drafters). Nor can it be that distribution encompasses attempted distribution, as that would mean the guidelines' definition of controlled-substance offenses *does* include attempted crimes—the very result we rejected in *Havis*. *See also United States v. Winstead*, 890 F.3d 1082, 1091–92 (D.C. Cir. 2018). Either way, the correct substitution is possession-with-intent-to-attempt-to-transfer—not attempt-to-deliver—which confirms that the letter of Tennessee law parallels federal law and thus the guidelines.

*Second*, possession with intent to deliver is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach. Once a defendant knowingly possesses a controlled substance and harbors the intent to deliver it—which can be shown by the possession of a large quantity of drugs alone—the crime is complete. True, in many cases possession with intent to deliver will amount to an attempted delivery. But possession is the completed act the law here proscribes—no delivery need actually occur. *See State v. Chearis*, 995 S.W.2d 641, 645 (Tenn. Crim. App. 1999); *accord United States v. Faymore*, 736 F.2d 328, 333 (6th Cir. 1984). Incomplete delivery doesn't render the possession incomplete along with it. So Garth puts "attempt" too far down the phrase possession-with-intent-to-attempt-to-deliver. The real analogy to *Havis* is attempted-possession-with-intent-to-deliver—still a mouthful, but not a controlled-substance offense under the guidelines. *See Havis*, 927 F.3d at 387. Garth, however, wasn't convicted of attempted possession under Tennessee's attempt statute, Tenn. Code Ann. § 39-12-101. *Cf. State v. Champion*, No. W2019-00230-CCA-R3-CD, 2020 WL 504826, at *4–6 (Tenn. Crim. App. Jan. 30, 2020); *State v. Cox*, No. M2015-00512-CCA-R3-CD, 2016 WL 1270391, at *1 (Tenn. Crim. App. Mar. 31, 2016). Garth's Tennessee conviction for possession with intent to deliver is accordingly a completed controlled-substance offense.

*Third*, even if Garth were right that Tennessee possession with intent to deliver theoretically encompasses possession-with-intent-to-attempt-to-deliver—some kind of attempt crime, or form of simple possession with the mere thought of delivery—he hasn't shown there is a "realistic probability" Tennessee applies its law this way. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Garth cannot point to (nor can we find) a single Tennessee case where a defendant was convicted of an attempted or simple possession under Tenn. Code Ann. § 39-17-417(a)(4), Garth's statute of conviction. Indeed, there is no such thing as "intent-to-attempt" or "attempt-to-attempt" under Tennessee law, even if § 39-17-417(a)(4) seems to say so. *State v. Jackson*, 697 S.W.2d 366, 371 (Tenn. Crim. App. 1985), *overruled on other grounds by State v. Thorpe*, 463 S.W.3d 851 (Tenn. 2015) ("Perhaps philosophers or metaphysicians can intend to attempt to act, but ordinary people intend to act, not to attempt to act." (quotation omitted)); *State v. Faulkner,* No. E2006-02094-CCA-R3-CD, 2008 WL 2242531, at *14 (Tenn. Crim. App. June 2, 2008); *State v. Adams*, 238 S.W.3d 313, 328 (Tenn. Crim. App. 2005); *State*

*v. Johnson*, No. W2000-00386-CCA-R3-CD, 2001 WL 721082, at *8 (Tenn. Crim. App. June 26, 2001).

So, to use Garth's counsel's example, if a defendant possesses illegal drugs and intends to "call his buddies [to] see if they want to come over and share [the drugs] with him," Oral Arg. at 5:42–6:26, there's either intent to deliver or no intent at all—nothing in-between. And as in any case, whether the defendant had a provable intent to deliver depends on the evidence: the defendant's statements regarding intent, the quantity of drugs possessed, their street value, their purity, and so on. *Compare State v. Belew*, 348 S.W.3d 186, 192 (Tenn. Crim. App. 2005), *with State v. Shaw*, 37 S.W.3d 900, 902–03 (Tenn. Crim. App. 2001). Tennessee possession-with-intent-to-attempt-to-deliver, while theoretically possible, is thus not realistically probable. *United States v. McClain*, --- F. App'x ---, 2020 WL 1888852, at *4–6 (6th Cir. Apr. 16, 2020).

**IV**

For these reasons, Tennessee possession with intent to deliver is categorically a controlled-substance offense under U.S.S.G. § 4B1.2(b). That means Garth qualified for the career-offender enhancement at sentencing. *Id.* § 4B1.1. We therefore affirm Garth's sentence.

---

**CONCURRING IN PART AND IN THE JUDGMENT**

---

COLE, Chief Judge, concurring in part and concurring in the judgment. I concur in the majority opinion except for its discussion in part III of whether delivery of a controlled substance under Tenn. Code Ann. § 39-17-417 includes attempted delivery. That discussion is unnecessary to our decision today, which rejects Garth's argument that his Tennessee conviction for possession with intent to deliver is not a controlled-substance offense in light of *Havis*. As the majority opinion lays out, regardless of whether delivery includes attempted delivery, possession with intent to deliver under Tennessee law is a completed crime, not an attempted one that would implicate *Havis*. And in any event, Garth has not shown that there is a "realistic probability" that a person in Tennessee would be convicted of possession with intent to attempt to deliver under § 39-17-417(a)(4). Because the only question before us is whether Tennessee possession with intent to deliver is a controlled-substance offense, I would leave for another day the issue of whether Tennessee delivery includes attempted delivery.