NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0485n.06

Case No. 20-5164

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 18, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| HERBERT GRAHAM, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE: GILMAN, BUSH, and READLER, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Herbert Graham was found guilty of two related gun crimes in 2019. At sentencing, the Probation Office and the government argued that Graham's prior conviction for possession of drugs with the intent to sell was a "controlled substance offense" under § 4B1.2(b) of the United States Sentencing Guidelines (U.S.S.G.), causing Graham's advisory sentencing-guidelines range to be set at the statutory maximum of 180 months of imprisonment for the gun crimes in question. But the district court declined to classify Graham's prior drug conviction as a controlled substance offense, which substantially reduced the applicable guidelines range. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case for resentencing.

## I.    BACKGROUND

In January 2018, Graham pointed a loaded, stolen firearm at another man and threatened to kill him.  When Memphis police officers chased Graham, he discarded the firearm on the grounds of a school.  At the time, Graham had various prior convictions, including felony convictions under Tennessee law for aggravated burglary, aggravated assault, being a felon in possession of a firearm, and possession of drugs with the intent to manufacture, deliver, or sell.

A jury subsequently found Graham guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of carrying a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4).  The Probation Office recommended that the base offense level for the purpose of the sentencing guidelines be set at 24 under U.S.S.G. § 2K2.1(a)(2).  It based this recommendation on the determination that Graham had one prior conviction for a crime of violence (aggravated assault) and one prior conviction for a "controlled substance offense" (possession of drugs with the intent to manufacture, deliver, or sell).  This criminal history placed Graham in the highest criminal-history category (Category VI).  With additional enhancements for the stolen firearm, possession of the firearm in connection with another felony (aggravated assault), and obstruction of justice, the recommended guidelines range exceeded the statutory maximum sentence of 180 months in prison for the most recent crimes committed by Graham.

Graham's prior drug conviction was based on a violation of Tennessee Code Annotated § 39-17-417(a)(4), which makes it a crime to "[p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance."  He argued at sentencing that the least culpable conduct under that provision was an attempt to commit the offense, which under *United States v. Havis*, 927 F.3d 382 (6th Cir.) (en banc), *mot. for reconsideration denied*, 929 F.3d 317 (6th Cir. 2019) (en banc), would not be a "controlled substance offense."  But the government

countered that *Havis* dealt with a different subsection of the Tennessee drug statute and therefore does not control.

The district court agreed with Graham and found that Graham's prior drug conviction was not a controlled substance offense. Based on this ruling, Graham's sentencing-guidelines range was 140 to 175 months of imprisonment. The district court then varied downward from that range and sentenced Graham to 120 months in prison. This timely appeal followed.

## II.    ANALYSIS

We review de novo the question of whether a prior conviction qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *See Havis*, 927 F.3d at 384. The sentencing guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

This court has made clear that, in employing what is known as "the categorical approach, we do not consider the *actual* conduct that led to [the] conviction under the Tennessee statute at issue; instead, we look to the *least of the acts criminalized* by the elements of that statute." *Havis*, 927 F.3d at 384 (emphases in original). "If the least culpable conduct falls within the Guidelines' definition of 'controlled substance offense,' then the statute categorically qualifies as a controlled substance offense. But if the least culpable conduct falls outside that definition, then the statute is too broad to qualify . . . ." *Id.* at 385.

We must therefore examine the Tennessee drug statute under which Graham was previously convicted. That statute provides as follows:

> (a) It is an offense for a defendant to knowingly:
> (1) Manufacture a controlled substance;
> (2) Deliver a controlled substance;
> (3) Sell a controlled substance; or
> (4) Possess a controlled substance with intent to manufacture, deliver or
> sell the controlled substance.

Tenn. Code Ann. § 39-17-417(a). Graham's conviction was based on a violation of subsection (a)(4). He now argues that, under the reasoning set forth in *Havis*, his conviction could have been for an attempt crime.

*Havis* also involved a violation of Tennessee Code Annotated § 39-17-417(a). *See* 927 F.3d at 384. But Havis's charging documents did not specify the subsection under which he had been convicted. *Id.* This left open the possibility that Havis had been convicted only of "delivery" under § 39-17-417(a)(2). And Tennessee law defines "delivery" as encompassing the attempted transfer of drugs. *Id.* This court in *Havis* concluded that the definition of a "controlled substance offense" does not encompass attempt crimes and, because Havis's prior conviction could theoretically have been simply for an attempt to deliver, that the conviction did not qualify as a controlled substance offense. *Id.* at 387.

Graham now argues that the reasoning of *Havis* extends to subsection (a)(4) because (a)(4) includes the term "deliver," causing the subsection to encompass attempt crimes. His argument is essentially that subsection (a)(4) should be read to mean possession of a controlled substance with the intent to *attempt* to deliver or sell the controlled substance. He also argues that (1) Tennessee's jury instructions indicate that the definition of "sell" incorporates the definition of "deliver," meaning that his conviction for possession with the intent to sell could have been for delivery, which can be an attempt crime; and (2) the text of the guidelines does not contain the offense of

possession with the intent to sell, meaning that his conviction does not fit within the definition of a "controlled substance offense."

This court recently considered and rejected each of these arguments. *See United States v. Garth*, 965 F.3d 493 (6th Cir. 2020); *see also United States v. McClain*, 810 F. App'x 404 (6th Cir. 2020). The defendant in *Garth* pleaded guilty to a drug crime. Garth, like Graham, had previously been convicted under Tennessee Code Annotated § 39-17-417(a)(4). 965 F.3d at 498. The question in *Garth* was the same as the question presented here: whether that conviction was a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *Id.* at 495. As Graham argues now, the defendant in *Garth* argued both that the definition of a "controlled substance offense" in the text of U.S.S.G. § 4B1.2(b) does not match the language of Tennessee Code Annotated § 39-17-417(a)(4), and that, under the reasoning set forth in *Havis*, § 39-17-417(a)(4) includes attempt crimes, which cannot be considered controlled substance violations. *See id.* at 495–97.

This court in *Garth* concluded that there was no "daylight between Tennessee possession with intent to *deliver* and federal possession with intent to *distribute*." *Id.* at 496 (emphases in original). As the *Garth* court explained, "panels of this court have 'always treated' Tennessee possession with intent to deliver 'as a categorical controlled substance offense.'" *Id.* (quoting *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014)). A conviction under Tennessee Code Annotated § 39-17-417(a)(4) therefore falls under the text of the "controlled substance offense" provision in U.S.S.G. § 4B1.2(b). *Id.* at 498; *see also McClain*, 810 F. App'x at 410 (holding the same).

So too did the *Garth* court reject Garth's *Havis*-based challenge. It noted that "possession with intent to deliver is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach." *Garth*, 965 F.3d at 497. And, it explained, "even if Garth were right that

Tennessee possession with intent to deliver theoretically encompasses possession-with-intent-to-attempt-to-deliver[,] . . . he hasn't shown there is a 'realistic probability' Tennessee applies its law this way." *Id.* at 498 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). This court in *Garth* further noted that "there is no such thing as 'intent-to-attempt' or 'attempt-to-attempt' under Tennessee law." *Id.*; *see also McClain*, 810 F. App'x at 410 ("Tennessee does not appear to recognize an intent to attempt an offense as a permitted mental state for criminal attempts."). As analyzed by this court in *McClain*, the cases involving prosecution of an attempted drug offense under Tennessee Code Annotated § 39-17-417(a)(4) are based on "*attempted possession* with the intent to manufacture, sell, or deliver," 810 F. App'x at 410 (emphasis in original), not on intent to attempt to sell.

Although the opinion in *Garth* did not consider the argument about Tennessee's jury instructions, the opinion in *McClain* did. And *McClain* rejected the contention that Tennessee's pattern jury instructions demonstrate that Tennessee Code Annotated § 39-17-417(a)(4) includes possession with the intent to attempt to sell or deliver. *See id.* ("[T]he instructions do not demonstrate a realistic probability that Tennessee would apply subsection (a)(4) to possession with intent to attempt to deliver."); *see also Garth*, 965 F.3d at 498 ("Tennessee possession-with-intent-to-attempt-to-deliver, while theoretically possible, is thus not realistically probable.").

In sum, Graham's arguments are unavailing. A prior conviction under Tennessee law for possession of a controlled substance with the intent to sell constitutes a "controlled substance offense" under the sentencing guidelines.

### III.    CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the case for resentencing.