NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0602n.06

No. 19-6337

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED<br>Oct 22, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JEREMY ROBERTS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: McKEAGUE, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Jeremy Roberts pleaded guilty to possession of a firearm by a felon. Pursuant to U.S.S.G. § 2K2.1(a)(3), the district court increased his Sentencing Guidelines base offense level due to a prior conviction for possession of methamphetamine with intent to deliver or sell in violation of Tenn. Code Ann. § 39-17-417(a)(4). Roberts challenges the district court's conclusion, arguing that under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), his prior conviction does not qualify as a "controlled substance offense" under the Guidelines. *See* U.S.S.G. § 4B1.2(b). After Roberts filed his appellate brief, a panel of this court addressed this very argument and rejected it. *See United States v. Garth*, 965 F.3d 493, 495–99 (6th Cir. 2020) (holding that possession of a controlled substance with intent to deliver or sell in violation of Tenn. Code Ann. § 39-17-417(a)(4) qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b)). Persuaded by *Garth*'s analysis (and bound by it, in any event), Roberts' prior conviction qualifies as a controlled substance offense, and the district court did not err in calculating his base offense level. We AFFIRM.