NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0626n.06

No. 19-6319

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 04, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| BRYAN KEITH GOINS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS, NALBANDIAN, and MURPHY, Circuit Judges.

PER CURIAM. Bryan Keith Goins appeals his 50-month sentence for being a felon in possession of a firearm. We **AFFIRM**.

Goins pled guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Before sentencing, Goins's presentence report set a base offense level of 24 based on two prior convictions for controlled substance offenses. The first was a Georgia conviction for possession with intent to distribute methamphetamine. *See* Ga. Code Ann. § 16-13-30(b). And the second was a Tennessee conviction for possession with intent to sell or deliver methamphetamine. *See* Tenn. Code Ann. § 39-17-417(a)(4). After a reduction for accepting responsibility, Goins's total offense level was 21. Combined with his criminal history category of V, this led to a Guidelines range of 70 to 87 months of imprisonment.

Goins objected to the presentence report. He argued that his two prior drug offenses do not qualify as controlled substance offenses under the Sentencing Guidelines. So, according to Goins, his base offense level should be 14, his total offense level 12, and his Guidelines range 27

to 33 months of imprisonment. But the district court overruled Goins's objections at sentencing and adopted the presentence report. After considering the factors under 18 U.S.C. § 3553(a), the district court varied downward from the Guidelines and sentenced Goins to 50 months of imprisonment.

Goins appealed. He continues to argue that the district court was wrong to count his prior Georgia and Tennessee convictions as controlled substance offenses under the Sentencing Guidelines. And for support he relies on our recent decision in *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc). *Havis* held that the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) does not include attempt crimes. *Id.* at 386. Goins correctly notes that the Georgia and Tennessee criminal codes proscribe "deliver[ing]" controlled substances. Ga. Code Ann. § 16-13-30(b); Tenn. Code Ann. § 39-17-417(a). And he's right that delivery includes "attempted transfer." Ga. Code Ann. § 16-13-21(7); Tenn. Code Ann. § 39-17-402(6). But he is wrong that possession with intent to distribute or deliver a controlled substance under either Georgia or Tennessee law encompasses attempt crimes and cannot qualify as a controlled substance offense under the Sentencing Guidelines.

Indeed, as the government points out, we recently rejected Goins's argument. In *United States v. Garth*, 965 F.3d 493, 498 (6th Cir. 2020), we held that possession with intent to deliver a controlled substance under Tennessee law is categorically a controlled substance offense under the Sentencing Guidelines. And we noted that attempted transfer is not an attempt crime but is instead completed delivery. *Id.* at 497. So "possession with intent to deliver"—or, using the statute's definition of "deliver," possession with intent to attempt to transfer—"is a completed crime, not

an attempted one that *Havis* puts beyond the guidelines' reach." *Id.* This reasoning applies with equal force to the Georgia offense, which uses nearly identical language.[1]

The district court correctly determined that Goins's prior Georgia and Tennessee convictions for possession with intent to distribute or deliver a controlled substance qualify as controlled substance offenses under the Sentencing Guidelines. Thus, we **AFFIRM** Goins's sentence.

---

[1] Goins initially appeared to argue, albeit inartfully, that the Georgia statute is not divisible. Presumably, this matters because when employing the categorical approach, we look to the "least of the acts criminalized by the elements of [the] statute" that led to the conviction. *Havis*, 927 F.3d at 384 (citation omitted). And the Georgia statute criminalizes distribution and delivery, which, according to Goins, encompass attempt crimes. *See* Ga. Code Ann. §§ 16-13-30, 16-13-21 (7), (11). Goins recognizes, however, that under the modified categorical approach, he was convicted of "possession with intent to distribute," and he later admits he likely conceded that § 16-13-30(b) is divisible into multiple crimes. We therefore express no opinion on whether the Georgia statute is divisible and confine our analysis to whether "possession with intent to distribute" is a completed crime.