NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0390n.06

No. 20-6183

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 18, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILLIAM PERRY | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     GUY, GIBBONS, and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.   The sole issue in this appeal is whether the district court plainly erred in sentencing William Perry as a career offender.  *See* U.S.S.G. § 4B1.1(a).  We hold that it did not and affirm Perry's sentence.

To qualify as a career offender, a defendant must have at least two prior convictions "of a crime of violence or a controlled substance offense." *Id.*  At Perry's sentencing in 2020, the district court found that Perry had three prior convictions of a controlled substance offense: a 1990 federal conviction for Possession with Intent to Distribute Cocaine; a 2012 Tennessee conviction for Unlawful Possession of Marijuana with Intent to Manufacture, Deliver, or Sell; and a 2015 federal conviction for Distribution, Attempt to Distribute, Possession with Intent to Distribute, and Attempt to Possess Marijuana.  Based on these convictions, the district court classified Perry as a career offender, which raised Perry's guidelines' range from 30–37 months to 151–188 months.

Perry never objected to the application of the career offender guidelines' range in the district court, and the court sentenced Perry to a term of 151 months in prison.

On appeal, Perry argues that his 2012 and 2015 marijuana convictions are not controlled substance offenses, and, therefore, the district court erred by relying on the career offender guidelines' range. To understand his argument, two pieces of background information are necessary.

First, this court applies a "three-step categorical approach" to determine whether a prior conviction qualifies as a controlled substance offense. *United States v. Garth*, 965 F.3d 493, 495 (6th Cir. 2020) (internal quotation marks omitted). We first "map out what conduct is criminalized under the guidelines' definition." *Id.* Then "we do the same for conduct criminalized under the . . . law that led to the conviction." *Id.* Finally, "we overlay the two: if the outer edges of the [law of prior conviction]—often the 'least culpable conduct' that the law proscribes—extend past the guidelines' definition, then the conviction doesn't count; if, however, the boundaries of the [law of prior conviction] and the guidelines' definition are coterminous, or the guidelines' definition sweeps more broadly, then the conviction counts." *Id.* Under this approach, the defendant's actual conduct is irrelevant because the court must "look to the least of the acts criminalized by the elements of [the law of prior conviction]." *United States v. Havis*, 927 F.3d 382, 385 (6th Cir. 2019) (en banc).

Second, in 2018, Congress passed the Agriculture Improvement Act, which, among other things, narrowed the federal definition of marijuana to exclude "hemp." *See* Pub. L. No. 115-334, 132 Stat. 4490, § 12619 (2018) (codified at 21 U.S.C. 802(16)). Hemp is "the plant Cannabis sativa L. and any part of that plant . . . with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 1639o(1). Following the federal

government's lead, Tennessee amended its definition of marijuana to exclude hemp a few months later. 2019 Tenn. Pub. Acts ch. 87, sec. 1 (codified at Tenn. Code Ann. § 39-17-402(16)(C)).

Perry's argument is based on the intersection of the categorical approach and the removal of hemp from the federal drug schedules. Specifically, he argues that under the categorical approach this court must presume that his 2012 and 2015 convictions rested upon the "least of the acts criminalized," which, in his case, would be hemp-related offenses. And, according to Perry, because hemp is no longer a controlled substance, the current guidelines' definition of "controlled substance offense" does not include hemp-related offenses. Therefore, his prior convictions cannot serve as career offender predicates because "the least culpable conduct" that the law proscribed at the time of his prior convictions "extend[s] past the guidelines' definition" of controlled substance offense. *See Garth*, 965 F.3d at 495.

The government accepts the first premise of Perry's argument—that this court must presume that his 2012 and 2015 convictions involved hemp. However, it disagrees with his contention that the current definition of "controlled substance offense" does not include hemp-related offenses because, according to the government, the guidelines are concerned only with whether a substance was controlled at the time of the prior conviction, not whether it is currently controlled. Based on that understanding of the definition of "controlled substance offense," the government takes the position that, even assuming that Perry's 2012 and 2015 convictions involved hemp, those convictions are still qualifying predicate offenses because hemp was controlled at the time of those convictions.

In *United States v. Williams*, this court sided with Perry's position in an unpublished opinion. *See* 850 F. App'x 393, 401 (6th Cir. 2021). Two other courts of appeals and the vast majority of district courts to consider the issue have reached the same result. *See United States v.*

*Abdulaziz*, 998 F.3d 519, 521 (1st Cir. 2021); *United States v. Bautista*, 989 F.3d 698, 701 (9th Cir. 2021); *see, e.g.*, *United States v. Miller*, 480 F. Supp. 3d 614, 617–24 (M.D. Pa. 2020); *United States v. Jamison*, 502 F. Supp. 3d 923, 930–31 (M.D. Pa. 2020); *Williams*, 850 F. App'x at 401 n.5 (collecting cases); *United States v. Swinton*, 495 F. Supp. 3d 197, 206 (W.D.N.Y. 2020) (discussing naloxegol). *But see United States v. Johnson*, No. CR 18-0220, 2021 WL 53338, at *22–27 (D.N.M. Jan. 6, 2021). Thus, if Perry had properly preserved this argument in the district court, he would have a strong claim that he should not have been sentenced as a career offender.

However, Perry did not raise this argument in the district court. He therefore bears the burden of proving that the district court plainly erred. *See* Fed. R. Crim. P. 52(b). To carry this burden, Perry must show: (1) that the district court erred, (2) that the error was "clear or obvious," (3) that the error affected his "substantial rights," and (4) that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

Perry is not entitled to relief because he has not carried his burden as to the second prong: the "clear or obvious" error requirement. To be "clear or obvious," an error must not be "subject to reasonable dispute." *Id.* Here, the government raises numerous arguments in support of the district court's decision in its brief. *See United States v. Woodruff*, 735 F.3d 445, 450 (6th Cir. 2013). Those same arguments have already persuaded one member of this court—Judge Cook—who wrote separately in *Williams* to explain that she agreed with the government's functionally identical position in that case. *Williams*, 850 F. App'x at 402 (Cook, J., concurring in the judgment). Given that there is no binding precedent resolving this issue in Perry's favor, the

technical nature of the government's arguments—coupled with Judge Cook's agreement with those arguments—shows that the question of whether the district court erred in this case is "subject to reasonable dispute." *Id.* at 401 (majority opinion) (holding that the district court's error was subject to reasonable dispute); *see also Henderson v. United States*, 568 U.S. 266, 278 (2013).

Because any potential error is not clear or obvious, the district court did not plainly err. We affirm.