NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0376n.06

Case No. 21-6227

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 16, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| JACQUES THRON MARCUS, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: McKEAGUE, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. Jacques Marcus pled guilty to being a felon in possession of a firearm. Since he had a previous Tennessee conviction for possessing marijuana with intent to sell, the district court enhanced his sentence. Marcus appeals and claims that his Tennessee marijuana conviction does not qualify as a "controlled substance offense," and thus, the enhancement was improper. *See* Tenn. Code Ann. § 39-17-417(a); U.S.S.G. § 2K2.1(a)(4)(A).

Applying the categorical approach, as we must, we compare the state statute of conviction with the conduct criminalized under the Guidelines. *United States v. Garth*, 965 F.3d 493, 495 (6th Cir. 2020). "[I]f the outer edges of the state law—often the 'least culpable conduct' that the law proscribes—extend past the guidelines' definition, then the conviction doesn't count" for the enhancement. *Id.* Marcus benefits from our presuming that his marijuana conviction was for

possession of hemp—the "least culpable conduct" proscribed. *See United States v. Clark*, __ F. 4th __, 2022 WL 3500188, *2 (6th Cir. Aug. 18, 2022).

Here, timing is everything. In 2017, when Marcus was convicted in state court, hemp was a controlled substance under both state and federal law. But by 2021, when Marcus was sentenced in federal court, both the state and federal drug schedules delisted hemp. *See id.* The dispositive question here is which law governs: Do we define "controlled substance" by reference to the law in place at the time of Marcus's state-court conviction, or by reference to the law in place at the time of his federal-court sentencing? If we follow a time-of-conviction rule, Marcus loses; if a time-of-sentencing rule, he wins.

We answered this precise question in *United States v. Clark*, adopting a time-of-conviction rule. *See id.* at *8. That resolves this case. Because hemp was a controlled substance at the time of Marcus's Tennessee marijuana conviction, that conviction is categorically a controlled-substance offense under the Guidelines. *Id.* at *2. Thus, the district court correctly applied U.S.S.G § 2K2.1(a)(4)(A).

AFFIRMED.