NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0450n.06

No. 22-3971

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Oct 17, 2023 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DELONDO HENDERSON,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

Before: CLAY, KETHLEDGE, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Delondo Henderson argues that he was erroneously sentenced as a career offender based in part on his prior Kentucky conviction for "trafficking in a controlled substance in the first degree, less than 4 grams cocaine, second offense." We reject his argument and affirm.

I.

In May 2019, a 911 call alerted police that Henderson had fired a shot following an argument with the mother of his children. When officers arrested Henderson, they recovered from his person two revolvers (one of which was loaded with five rounds and a spent cartridge). From a brown bag that fell from Henderson's pants, they also seized "a combined 19.97 grams of heroin, fentanyl, cocaine, and tramadol" mixture, and they found two digital scales that tested positive for controlled substances. Henderson thereafter pled guilty to possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a).

The district court determined Henderson's guideline range to be 151 to 188 months' imprisonment, based in part on a determination that Henderson is a career offender under U.S.S.G. § 4B1.1. (Without that enhancement, Henderson's guideline range would have been 57 to 71 months.) The district court overruled Henderson's objection to the enhancement and imposed a below-guideline sentence of 120 months' imprisonment. This appeal followed.

II.

Henderson challenges the district court's determination that he was a career offender. As relevant here, a career offender must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Henderson conceded that his 2004 Ohio conviction for aggravated assault is a crime of violence. *See* Ohio Rev. Code Ann. § 2903.12(A)(2); *United States v. Raymore*, 965 F.3d 475, 487–91 (6th Cir. 2020). But Henderson argues that his 2018 Kentucky conviction for trafficking in cocaine did not fit within the guidelines' definition of a "controlled substance offense." U.S.S.G. § 4B1.2(b). We review that question de novo. *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam).

Under the categorical approach, to determine whether an offense was a controlled-substance offense, we "map out what conduct is criminalized under the guidelines' definition" and "do the same for conduct criminalized under the state law that led to the conviction." *United States v. Garth*, 965 F.3d 493, 495 (6th Cir. 2020). A prior conviction does not count as a predicate offense if the "outer edges" of the state offense "extend past the guidelines' definition." *Id*. We therefore must compare Henderson's 2018 Kentucky conviction to the guidelines' definition.

Here, Henderson's 2018 Kentucky "Judgment and Sentence on a Plea of Guilty" did not recite any statutory provision that he had violated; rather, it pronounced him guilty of "Count I: Trafficking in a Controlled Substance in the First Degree, Less than 4 Grams Cocaine, Second

Offense." Nor did the record of his guilty plea reference any statute he had violated; instead, it identified the offense of conviction by reference to Count I of the Indictment. And Count I of the Indictment, in turn, charged Henderson with trafficking cocaine either as a principal or as an accomplice in violation of Ky. Rev. Stat. Ann. (K.R.S.) § 218A.1412 (first-degree trafficking) and K.R.S. § 502.020 (complicity). An initial question, then, is whether Henderson was convicted as a principal of first-degree trafficking or for complicity in that offense.

The government and the district court thought that the facts supporting Henderson's guilty plea—namely, that his co-defendant drove Henderson around to places where Henderson himself sold drugs—showed that he had been convicted as a principal. That reasoning misconstrues our task: the categorical approach bars a court from going "beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." *Mathis v. United States*, 579 U.S. 500, 511 (2016). Moreover, since Henderson's judgment and plea incorporated Count I, Henderson is right—so far as the categorical approach is concerned—that that the relevant offense of conviction could have been complicity to commit trafficking in cocaine, and not just trafficking itself. And the categorical approach requires the sentencing court to consider the least culpable conduct possible—in this case, complicity. *Garth*, 965 F.3d at 495. The question, then, is whether the elements of complicity to commit trafficking in cocaine, as defined by Kentucky law, encompass conduct that falls outside the § 4B1.2(b) definition of a controlled-substance offense.

To answer that question, we first identify the elements of the state offense. The Kentucky complicity statute is divided into two subsections, which Kentucky courts say are distinct theories of liability. *See Tharp v. Commonwealth*, 40 S.W.3d 356, 360 (Ky. 2000). The theories differ as to the requisite intent: "complicity to the act" under subsection (1) requires proof that the defendant intended to promote or facilitate the offense; whereas "complicity to the result" under

subsection (2) requires only recklessness. *Id.* Those differing kinds of intent are alternative elements, not different "factual means of committing a single element." *Mathis*, 579 U.S. at 506. Moreover, subsections (1) and (2) are further divided into three parts. *See* K.R.S. § 520.020(1)(a)–(c), (2)(a)–(c). The conduct described in each of those subparts—to paraphrase, conspiracy (subpart (a)), aiding and abetting (subpart (b)), and failure to act when one has a duty to do so (subpart (c))—are likewise on their face alternative elements, rather than different means of satisfying a single element. In a case under K.R.S. § 520.020(1), for example, jurors could not convict while disagreeing about whether the defendant acted intentionally or only recklessly (the differences between (1) and (2)), or about whether he aided and abetted the underlying offense or simply failed to act when he had a duty to do so (the differences between (b) and (c)). By contrast, in a burglary case, jurors could convict while disagreeing about "whether the burgled location was a building, other structure, or vehicle[,]" *Mathis,* 579 U.S. at 517-18. Those alternative locations were just different means; but subparts (a)–(c) in § 502.020(1) and (2) each describe different elements (though the element described by each subsection can be met by different means—*e.g.*, "aids, counsels, or attempts to aid" in subsection (b)).

Henderson's indictment specifically charged complicity "with the intention of promoting or facilitating the commission" of first-degree trafficking, when he "aided, counseled, or attempted to aid" another in the planning or commission of that offense—which is the offense described in § 520.020(1)(b). *See Mathis*, 579 U.S. at 519. That means Henderson's offense of conviction was complicity to the act—by aiding and abetting first-degree trafficking in cocaine.

The question thus becomes whether that offense encompasses conduct falling outside the § 4B1.2 definition of "controlled substance offense." Henderson does not argue that first-degree trafficking itself sweeps more broadly than a controlled-substance offense under § 4B1.2(b).

*Garth*, 965 F.3d at 495.  Nor would that be a self-evident proposition.  *See*, *e.g.*, *United States v. Jackson*, 995 F.3d 476, 480–81 (6th Cir. 2021) (rejecting contention that Kentucky's definition of "transfer" made second-degree trafficking broader than the guidelines' definition); *United States v. Fields*, 53 F.4th 1027, 1053 (6th Cir. 2022) (rejecting argument that Kentucky's definition of "traffic" is overly broad because it includes "dispensing").

Instead, Henderson argues that *complicity* to traffic encompasses conduct beyond the guidelines' definition.  Specifically, he says that complicity by aiding and abetting is committed by one who "aids, counsels, or attempts to aid" the principal.  K.R.S. § 502.020(1)(b).  And in *Havis*, we held that "attempt crimes do not qualify as controlled substance offenses."  But complicity is not an attempt crime in Kentucky.  927 F.3d at 387.  Instead, guilt by complicity under § 502.020(1)(b) requires proof "that the offense *was, in fact, committed*"—and not merely attempted—"by the person being aided or abetted by the defendant."  *Stieritz v. Commonwealth*, 671 S.W.3d 353, 360 (Ky. 2023) (emphasis added).  Moreover, complicity requires "proof of the defendant's participation in commission of that offense."  *Id*. (citation omitted).  Thus, to be guilty of complicity under Kentucky law—including aiding, counseling, or attempting to aid the commission of an offense—one must actually participate in a completed offense.  That Henderson could have been convicted of first-degree drug trafficking on a theory of complicity under § 502.020(1)(b), therefore, means that he intentionally participated in the completed offense of first-degree drug trafficking in violation of K.R.S. § 218A.1412.  And (as noted above) Henderson does not argue that the elements of § 218A.1412 encompass conduct outside the § 4B1.2(b) definition of "controlled substance offense."  Thus, we reject his argument that his conviction for complicity (under § 502.020(1)(b)) in first-degree drug trafficking is not a controlled-substance offense under § 4B1.2(b).

Finally, our decision in *Havis* does not mandate the conclusion that Henderson's conviction falls outside the scope of § 4B1.2(b). There, the inchoate offense of conviction did not require proof of a completed offense (though as a factual matter the offense there was completed). *Havis*, 927 F.3d at 386–87. But, as shown above, Henderson's conviction did require proof of a completed trafficking offense. That is reason enough to distinguish that case from this one. Henderson's Kentucky offense of conviction—complicity to the act by aiding and abetting first-degree trafficking—qualifies as a controlled-substance offense for purposes of the career-offender enhancement.

\* \* \*

The district court's judgment is affirmed.