RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0245p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DARIUS TIRRELL THOMAS,

*Defendant-Appellant*.

No. 19-5529

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 1:17-cr-00127-1—Curtis L. Collier, District Judge.

Decided and Filed: August 5, 2020

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Christian Lanier, Chattanooga, Tennessee, for Appellant. Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

### OPINION

_____

PER CURIAM. Darius Thomas argues that, under our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), the district court erred by sentencing him as a career offender under the Sentencing Guidelines. We reject his argument and affirm.

In 2017, Thomas pled guilty to two counts of distributing a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Thomas had several prior drug convictions under Michigan law, including a conviction for delivery of heroin and a conviction for possession with

intent to deliver marijuana.  The district court concluded that those convictions made Thomas a career offender under the Guidelines, which resulted in a Guidelines range of 140 to 175 months. The district court sentenced Thomas to 140 months' imprisonment.

Thomas did not challenge the career-offender enhancement below, so we review his argument only for plain error.  *See United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). Under the Guidelines, a defendant is a career offender when he "has more than one prior conviction for either crimes of violence or controlled-substance offenses." *United States v. Garth*, 965 F.3d 493, 2020 WL 3969283, at *1 (6th Cir. July 14, 2020).  The Guidelines define a controlled-substance offense as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.  If the least culpable conduct criminalized by a statute falls outside the definition in § 4B1.2, then a conviction under that statute does not qualify as a controlled-substance offense for purposes of the career-offender enhancement.  *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Thomas argues that his prior offenses under Michigan law—delivery of heroin and possession with intent to deliver marijuana—were not controlled-substance offenses under § 4B1.2.  The Guidelines define both distribution and possession with the intent to distribute as controlled-substance offenses.  U.S.S.G. § 4B1.2(b).  Under federal law, "distribution," for purposes of both offenses, means "delivery"—"the actual, constructive, or attempted transfer of a controlled substance[.]"  21 U.S.C. § 802(8) and (11).  Michigan defines "delivery" the same way:  "the actual, constructive, or attempted transfer" of a controlled substance.  Mich. Comp. Laws § 333.7105.  There is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery.  Nor is there any substantive difference between possession with the intent to distribute under federal law and possession with intent to deliver under Michigan law.  *See Garth*, 2020 WL 3969283, at *2.  Thomas's prior offenses under Michigan law are therefore controlled-substance offenses.

Thomas counters that Michigan has defined delivery more broadly than federal law to include "attempt crimes," and "attempt crimes do not qualify as controlled substance offenses." *See Havis*, 927 F.3d at 387.  As we recently clarified, however, the definition of delivery used under Michigan (and federal) law—again, "the actual, constructive, or attempted transfer of a controlled substance"—does not include "attempted delivery." *Garth*, 2020 WL 3969283, at *3. Instead, it includes only "attempted transfer."  And an attempted transfer qualifies as a completed delivery. *Id.*  That makes the definition here different than the one in *Havis*, where the parties agreed that the statute in question—Tennessee's delivery statute—proscribed attempted delivery. 927 F.3d at 385.  And *Havis* did not hold that the parties' shared assumption was correct; instead, the court accepted that assumption for the purpose of deciding the case.  *See Garth*, 2020 WL 3969283, at *3.  *Havis* therefore does not support a different outcome here.

The district court's judgment is affirmed.