NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0664n.0m

No. 19-2442

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| DONNELL DEOMEARA DAVENPORT, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: DAUGHTREY, NALBANDIAN, and MURPHY, Circuit Judges.

PER CURIAM. Donnell Deomeara Davenport appeals his 115-month sentence for possessing a stolen firearm. We **AFFIRM**.

After leading police on a high-speed chase, Davenport threw a handgun out of his vehicle. Federal law prohibits Davenport—a felon—from possessing a firearm. Law enforcement recovered the weapon, which a gun shop had reported as stolen.

After the chase, a federal grand jury charged Davenport with (1) possession of a firearm by a felon, and (2) possession of a stolen firearm. *See* 18 U.S.C. §§ 922(g)(1), (j). Davenport pleaded guilty to Count 2 pursuant to a written plea agreement. Davenport's presentence report set a base offense level of 20 based on his prior felony conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A). In his objections to the presentence report, Davenport challenged the base offense level, arguing that his 2009 Michigan conviction for delivering/manufacturing less than 50 grams of cocaine, in violation of Michigan Compiled Laws

§ 333.7401, did not constitute a "controlled substance offense" within the meaning of the Sentencing Guidelines. The district court overruled Davenport's objection and sentenced him to 115 months of imprisonment.

On appeal, Davenport argues that the district court erred in categorizing his prior conviction under Michigan Compiled Laws § 333.7401 as a controlled substance offense. Davenport relies on *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam), which held that the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) does not include attempt crimes. Davenport contends that because Michigan law defines "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance," Mich. Comp. Laws § 333.7105(1), delivery of a controlled substance under Michigan law includes attempted delivery and therefore does not qualify as a controlled substance offense under the Sentencing Guidelines.

After Davenport filed his appellate brief, we issued a published decision foreclosing his argument. In *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (per curiam), we pointed out that the Sentencing Guidelines define "controlled substance offense" as including distribution of a controlled substance. *See* U.S.S.G. § 4B1.2(B). And "distribution" under federal law means "delivery," which federal law defines the same way as Michigan law: "the actual, constructive, or attempted transfer of a controlled substance." *Compare* 21 U.S.C. § 802(8), (11) *with* Mich. Comp. Laws § 333.7105(1). We thus concluded that "[t]here is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery." *Thomas*, 969 F.3d at 585. So the Michigan offense constitutes a controlled substance offense under the Sentencing Guidelines. *Id.* Distinguishing *Havis*, we stated that the definition of "delivery" under both federal and Michigan law "does not include 'attempted delivery'" and instead "includes only 'attempted

transfer,'" which "qualifies as a completed delivery." *Id.* (citing *United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020)).

The district court correctly determined that Davenport's prior Michigan conviction for delivering/manufacturing less than 50 grams of cocaine constituted a controlled substance offense under the Sentencing Guidelines. Accordingly, we **AFFIRM** Davenport's sentence.