NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0689n.06
Case No. 19-1696

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 09, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TERRY MICHAEL, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |

BEFORE: DONALD, THAPAR, and NALBANDIAN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant Terry Michael, dissatisfied with the procedural and substantive aspects of his sentence, appeals the district court's order granting his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("First Step Act"). Michael argues that the district court failed to conduct a plenary resentencing and failed to reexamine and apply the applicable Guidelines, including the 18 U.S.C. § 3553(a) factors and case law associated with his career-offender status that existed at the time of his sentence reduction. As a result, Michael contends, the district court failed to realize that he no longer qualifies for career-offender status and thus imposed a sentence above what his Guideline range would be without the career-offender enhancement.

As we have previously concluded, nothing in the First Step Act entitles a defendant to a plenary resentencing. Moreover, we hold that the district court's reduction in Michael's sentence was both procedurally and substantively reasonable. We therefore **AFFIRM** the district court's reduction of Michael's sentence.

I.

In 2007, a jury found Michael guilty of distributing crack cocaine, distributing crack cocaine within 1,000 feet of a school, possessing with intent to distribute five or more grams of crack cocaine, possessing with intent to distribute powder cocaine, possessing a firearm in furtherance of a drug trafficking offense, possessing a firearm as a felon, and possessing a firearm with an obliterated serial number. In accordance with the Presentence Report, which conducted individualized offense level computations but did not include any downward adjustment for acceptance of responsibility,[1] the district court determined that Michael's combined adjusted offense level was 30. Michael's criminal history included two prior Michigan convictions for delivery of less than 50 grams of cocaine, and the instant offense involved a controlled substance offense committed when he was at least eighteen years old. Thus, the district court concluded that Michael was a career offender, pursuant to the United States Sentencing Guidelines Manual § 4B1.1 ("the Guidelines"), giving him a total offense level of 37 and a criminal history category of VI. *See* U.S. SENT'G GUIDELINES MANUAL §§ 4B1.1(a)–(c)(2), 5G1.2(e) (U.S. SENT'G COMM'N 2007) ("U.S.S.G."). Michael's resulting Guideline range included 360 months to life imprisonment on the drug counts, plus a mandatory consecutive sentence of 60 months on his 18 U.S.C. § 924(c) count for possession of a firearm in furtherance of a drug trafficking offense.

---

[1] Although the entry of the Presentence Report in the district court record shows a date of February 21, 2019, the same report was originally provided to the district court on August 20, 2007, prior to Michael's original sentencing.

*See* U.S.S.G. §§ 4B1.1(a)–(c)(2), 5G1.2(e). The district court imposed a bottom-of-the-Guidelines sentence of 360 months on the drug counts, the mandatory consecutive sentence of 60 months for possessing a firearm in furtherance of a drug trafficking crime, and concurrent sentences of 60 and 120 months on the remaining firearms counts, for a total sentence of 420 months' imprisonment. On appeal, this Court affirmed Michael's conviction and sentence, and the Supreme Court denied certiorari. *Michael v. United States*, No. 1:10-CV-1222, 2011 WL 5361071 (W.D. Mich. Nov. 7, 2011).

Subsequently, in 2008, Michael filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 706. The district court denied the motion, which we affirmed. *United States v. Michael*, No. 11-1475 (6th Cir. Aug. 25, 2011) (unpublished order). He also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in 2010. (W.D. Mich. No. 1:10-cv-1222, ECF 1.) The district court, however, denied that motion, and Michael did not appeal. *United States v. Michael*, 2011 WL 5361071 (W.D. Mich. Nov. 7, 2011).

On March 14, 2019, Michael sent the district court a letter requesting the appointment of counsel in order to seek relief under the First Step Act. The district court construed the letter as a motion under the First Step Act and appointed counsel, who then filed a supplemental brief requesting a plenary resentencing hearing and removal of the career-offender enhancement, which would result in a Guideline range of 137 to 156 months' imprisonment. The government acknowledged Michael's eligibility for a reduction of his sentence under the First Step Act but asserted that he was not entitled to a plenary resentencing and that the career-offender enhancement still applied to any sentence reduction under the First Step Act.

The district court denied Michael's request for a hearing but granted his motion for a reduction of his sentence under the First Step Act through two AO-247 form orders, one public and one non-public. In doing so, prior to applying any departures, the district court made a three-level, downward adjustment to Michael's previous total offense level, giving him an amended total offense level of 34. The court did not amend Michael's criminal history category of VI and determined that his resulting amended Guideline range was 262 to 327 months' imprisonment. Summarily citing Michael's First Step Act motion, the policy statement set forth at U.S.S.G. § 1B1.10, and the applicable sentencing factors set forth in § 3553(a), the district issued its order reducing its previously imposed sentence of 420 months' imprisonment to 322 months' imprisonment.[2] The district court further commented "that a sentence at the low-end of the amended guideline range, consistent with the original sentence, [was] warranted." It left unchanged all other terms of the original sentence. Michael timely appealed.

On appeal, Michael primarily argues that the district court abused its discretion when reducing his sentence pursuant to the First Step Act. He specifically invokes the Fourteenth Amendment's procedural due process requirement and argues that the district court failed to use fair and correct procedures in reducing his sentence. Michael then reasons from this general proposition that his reduced sentence is procedurally and substantively unreasonable. According to Michael, "[i]f the penalty ranges from the Fair Sentencing Act are now to be used to determine [his] reduced sentence and if the Guidelines are the necessary starting point for the Court's imposition of a sentence, the trial court" abused its discretion in not conducting a plenary resentencing and not putting on the record any reexamination of current law, including all the

---

[2] Michael's newly imposed sentence consisted of 262 months on the drug counts, a mandatory consecutive sentence of 60 months on the § 924(c) count, and concurrent sentences of 60 and 120 months on the remaining firearms counts, for a total sentence of 322 months' imprisonment.

relevant § 3553(a) factors as well as the applicable Guidelines and case law associated with his career-offender status. (Appellant Br. at 15-16).

## II.

## A.

Michael first argues that the district court was required to conduct a plenary resentencing in reducing his sentence under the First Step Act. This Court reviews questions of statutory interpretation *de novo*. *United States v. Lawrence*, 735 F.3d 385, 440 (6th Cir. 2013). Under § 404(b) of the First Step Act, a court that imposed a sentence for a "covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act [], that was committed before August 3, 2010." First Step Act § 404(a). In effect, then, the First Step Act allows for sentence reductions in line with lowered mandatory minimums through retroapplication of the Fair Sentencing Act of 2010. *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020); *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019); *see also United States v. Alexande*r, 951 F.3d 706, 707 (6th Cir. 2019) (per curiam). "The First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *Beamus*, 943 F.3d at 792. Moreover, there are two limits on eligibility for relief under the First Step Act: "[d]efendants may not seek a reduction if their sentence was already modified to comport with the Fair Sentencing Act" or they lost a prior motion seeking First Step Act relief

"after a 'complete review of the motion on the merits.'" *Id.* at 791 (quoting the First Step Act, § 404(c)).

"[T]he vehicle for a proceeding under § 404 of the First Step Act" is 18 U.S.C. § 3582(c)(1)(B), which empowers courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." We recently settled Michael's argument regarding plenary resentencing in *Alexander*. There, we held that a defendant who qualified for relief under § 404 of the First Step Act and received a reduction of his sentence was "not entitled to a plenary resentencing.'" *Alexander*, 951 F.3d at 707–08; *see also United States v. Foreman*, 958 F.3d 506, 508, 510 (6th Cir. 2020). We reasoned that "[t]he First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing." *Alexander*, 951 F.3d at 708. Moreover, this determination is in accord with a number of our sister circuits. *See, e.g.*, *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (per curiam) (holding that the district court did not plainly err by reducing a defendant's sentence without a plenary proceeding); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019) (holding that the First Step Act does not require a hearing); *United States v. Hegwood*, 934 F.3d 414, 417–19 (5th Cir. 2019) (holding that the First Step Act does not require a plenary resentencing). Accordingly, Michael is not entitled to a plenary resentencing.

B.

Michael also claims that his reduced sentence is substantively and procedurally unreasonable. He argues that because he should no longer be designated as a career offender, the district court unreasonably varied upward from his true Guidelines range. Michael also claims

that the district court erred when it allegedly failed to consider a 2016 Sentencing Commission report during Michael's resentencing.

We recently held that a district court's resentencing decision in a First Step Act case is subject to review for substantive and procedural reasonableness. *See United States v. Boulding,* 960 F.3d 774, 784 (6th Cir. 2020). Although, as stated above, a movant under the Act is not entitled to a plenary resentencing, the court must "adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States,* 552 U.S. 38, 50 (2007); *see also United States v. Smith,* 959 F.3d 701, 701 (6th Cir. 2020). When considering the adequacy of the district court's explanation for its decision regarding a sentencing modification, we consider the record both for the initial sentence and the modified one. *See Chavez-Meza v. United States,* 138 S. Ct. 1959, 1967-68 (2018). The district court need not respond to every sentencing argument, but the record as a whole must indicate the reasoning behind the court's sentencing decision. *See Rita v. United States,* 551 U.S. 338, 356-59 (2007).

When a district court rules upon a First Step Act motion where the defendant is eligible for relief, it is required to consider the sentencing factors under 18 U.S.C. § 3553(a). *See, e.g.*, *Boulding,* 960 F.3d at 784. "While a district court need not explicitly ... recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation . . . sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell,* 459 F.3d 739, 773 (6th Cir. 2006).

Michael argues that the district court abused its discretion because its explanation of his sentence reduction was too short. As we have stated, however, when a district court considers the § 3553(a) factors, "the appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances, and the law leaves much, in this respect, to the judge's own professional judgment." *United States v. Smith*, 958 F.3d 494, 500 (6th Cir. 2020) (alterations

and quotation marks removed) (quoting *Chavez-Mesa*, 138 S. Ct. at 1974). "[W]hen a judge applies a sentence within the Guidelines range, he or she often does not need to provide a lengthy explanation." *Id.* at 494 (quoting *Chavez-Mesa*, 138 S. Ct. at 1964).

Viewing the record as a whole in this case, the district court satisfied its obligations in explaining its decision. True, its written explanation was fairly simple, consisting of only the following: "The Court determines that a sentence at the low-end of the amended guideline range, consistent with the original sentence, is warranted. The request for a hearing is denied." (R. 91 at PageID 634). However, the district court did not need to engage in an elaborate analysis given that the only arguments that Michael advanced in the district court for reconsideration of the § 3553(a) factors are the same two arguments he advances now—1) that the 2016 Sentencing Commission study supported a reduction in his sentence and 2) that the career-offender enhancement no longer applies to him. Because we determine that both arguments fail, we find that the district court did not abuse its discretion in its consideration of the § 3553(a) factors.

Michael argued before the district court that the 2016 Sentencing Commission study indicated that defendants like him (i.e., those who are career offenders based solely on controlled substance offenses) pose a lower risk of recidivism. Even though the district court did not respond directly to this point, there is no error, because the Commission's writings do not have the force of law. In *United States v. Williams*, 762 F. App'x 278, 284 (6th Cir. 2019), this Court held that a district court did not abuse its discretion by failing to consider the exact same Commission report when a defendant presented it for the court's consideration. *See also United States v. Pittman*, 736 F. App'x 551, 556 (6th Cir. 2018) ("[W]hile sentencing judges may certainly consider arguments based on research compiled by the [Sentencing] Commission pursuant to its mission, the recommendations are not law at this point.") (quoting *United States v. Blackman*, 678 F. App'x

400, 401 (6th Cir. 2017)). The district court was thus under no obligation to respond directly to the Commission's study.

Additionally, our recent cases have foreclosed Michael's argument that remand is necessary for the district court to consider, in the first instance, whether his career-offender enhancement still applies. Michael submits that the district court erred in failing to reexamine and apply the applicable Guideline range and case law associated with his career-offender status that existed at the time of his sentence reduction. As a result, he continues, the district court failed to realize that he no longer qualifies as a career offender under *United States v. Havis*, 927 F.3d 382, 383 (6th Cir. 2019), and it imposed a sentence that constituted a substantial upward variance or departure from what his Guideline range would be without the career-offender enhancement.

Specifically, Michael argues that his convictions for delivery of a controlled substance under Mich. Comp. Law § 333.7401 fail to qualify as "controlled substance offenses" for purposes of applying the enhancement under the Guidelines. To this end, Michael contends that the "delivery of a controlled substance under Michigan law is not a controlled substance offense." (Appellant Supp. Br. at 9). However, we have explicitly said otherwise. In *United States v. Elliott*, — F. App'x —, No. 19-2113, 2020 WL 6746990, at *2 (6th Cir. Nov. 17, 2020), the defendant made the same argument—that his prior conviction under § 333.7401 was not a sufficient predicate offense to warrant application of the career-offender enhancement. Rejecting this argument, we explained:

> Although Elliott contends that his prior drug conviction does not fall under the Guidelines' definition of a "controlled substance offense" according to *Havis*, recent case law requires the Court to find otherwise. In *Havis*, we interpreted a similar Tennessee statute, and decided that the defendant's conviction for delivery of a controlled substance, pursuant to Tenn. Code Ann. § 39-17-417(a)(2), was not a "controlled substance offense." *Havis*, 927 F.3d at 387. We reached this conclusion because the parties agreed that the least culpable conduct under Tenn. Code Ann. § 39-17-417(a)(2) was *attempted delivery*, which the Court found to be

broader than what was covered under the Guidelines' definition of a "controlled substance offense." However, since *Havis* was decided, the Court has clarified that the parties' shared assumption was wrong. As we said previously, "the definition of delivery used under Michigan (and federal) law ... does not include 'attempted delivery.' Instead, it includes only '*attempted transfer.*'" *United States v. Thomas*, 969 F.3d 583, 584 (6th Cir. 2020) (emphasis added) (citation omitted). Furthermore, because "an *attempted transfer* qualifies as a *completed delivery*," Elliott's drug conviction constitutes a Guidelines controlled substance offense. *Id.* (emphasis added) (citing [*United States v. Garth*, 965 F.3d 493, 498 (6th Cir. 2020)]).

*Id.* Thus, if he were resentenced today, Michael would still be designated a career offender. As a result, his amended Guidelines range would not change.

While a district court's boilerplate statement and checking of the appropriate boxes on an AO-247 form might not always be sufficient to deem a district court's sentencing reasonable, *see, e.g.*, *United States v. Latham*, 809 F. App'x 320, 322 (6th Cir. 2020), we hold in this instance that it is. After Michael filed his initial *pro se* motion, the district court afforded him the benefit of appointed counsel to issue a supplemental brief. After consideration of that brief and the government's opposition thereto, the district court asked Michael to provide another supplemental filing to "address[] his conduct and record while in prison." Michael submitted that filing, and within two weeks, the district court issued its decision. On the AO-247 form, the district court certified that it had considered Michael's motion along with "the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Finally, as mentioned above, there is no evidence that the district court brushed aside any arguments that it was obligated to consider. Accordingly, re-consideration of the § 3553(a) factors—at least for the two reasons Michael presents on appeal—would not change the result.[3] Moreover, Michael does not argue that the district court made any other error under the First Step Act.

---

[3] Michael notes that in *Latham*, a panel of this Court found that a district court abused its discretion when it dismissed the defendant's arguments for a below-guidelines sentence without explanation. At first glance, *Latham* does bear some similarities to this case. However, a deeper examination of *Latham* reveals that in that case there was

## III.

For the foregoing reasons, we AFFIRM.

---

an open question regarding whether the defendant still qualified as a career offender. 809 F. App'x at 322. As we have noted, however, the career-offender enhancement would still apply to Michael, and we distinguish this case from *Latham* on that point.