NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0697n.06

No. 20-1477

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Dec 15, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KEVIN DELANDO TURNER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GUY, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Kevin Turner received a 180-month prison sentence for his role in a bank robbery. He challenges his sentence as procedurally and substantively unreasonable. Because his sentence was reasonable in all respects, we AFFIRM.

I.

Turner and his nephew, Draper, robbed a bank in Kalamazoo, Michigan. Draper did the dirty work—entering the bank and taking $3,150 from the teller—while Turner waited outside in the car. According to Draper, who was caught and interviewed by law enforcement, Turner had planned the robbery, selected the target, and coached Draper on what to do inside the bank.

A grand jury charged Turner and Draper with one count of bank robbery for the incident. The grand jury also charged Turner with two counts of armed bank robbery for other bank robberies that occurred in the jurisdiction. Draper pleaded guilty and agreed to cooperate in

Turner's prosecution. Turner pleaded guilty to bank robbery, and the remaining armed robbery charges were dismissed.

At sentencing, Draper testified against Turner, telling the court that Turner was the mastermind behind the bank robbery. Based in part on Draper's testimony, the district court applied a leadership enhancement under U.S.S.G. § 3B1.1(c), increasing Turner's offense level by two. The district court also determined that Turner was a career offender under U.S.S.G. § 4B1.1. Turner objected to both sentence enhancements. The district court then calculated Turner's Guidelines range as 168 to 210 months. Although Turner asked the court for a sentence below the Guidelines, the court sentenced him to 180 months' imprisonment. Turner appeals.

## II.

Turner challenges the procedural and substantive reasonableness of his sentence. Procedural reasonableness requires the district court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Substantive reasonableness asks whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review for an abuse of discretion. *Id.* at 440, 442.

*Procedural Reasonableness*. Turner contends that the district court erred by sentencing him as a career offender. *See* U.S.S.G. § 4B1.1. He argues that his conviction in Michigan for

possession with intent to deliver marijuana in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii) does not qualify as a "controlled substance offense" as that term is defined in U.S.S.G. § 4B1.2(b). But we recently held to the contrary. *See United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (per curiam). Turner acknowledges in his reply brief that *Thomas* forecloses his argument.

Turner also argues that the district court erred by applying a leadership enhancement under U.S.S.G. § 3B1.1(c), which instructs a sentencing court to increase a defendant's offense level by two "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." In applying this enhancement, courts "should consider . . . the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4.

The record contains considerable evidence of Turner's leadership role. He was an experienced bank robber; he was Draper's uncle; he hatched the plan and explained it to Draper while en route to the bank, giving Draper little chance to back out; he had Draper commit the robbery while he remained safely outside; and he kept a larger portion of the proceeds.

Turner notes that Draper's testimony accounted for much of this evidence, which Turner says "merely served [Draper's] own interests in minimizing his role, and mitigating his punishment." But the district court was aware of Draper's role and his possible incentives and still found him credible. We afford that credibility determination considerable deference. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). And in any event, the district court deemed Draper's testimony to be just the "icing on the cake" when added to the other evidence of Turner's

leadership role. Turner has not shown that the district court erred by relying on Draper's testimony or by applying a leadership enhancement.

*Substantive Reasonableness*. Turner's substantive reasonableness argument must clear a high hurdle. His within-Guidelines sentence is presumptively reasonable. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Turner fails to rebut that presumption.

Turner says there is no justification for the stark disparity between his sentence (180 months) and Draper's (51 months). For starters, the unwarranted disparity factor found in 18 U.S.C. § 3353(a)(6) "concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *Id.* at 521. But in any event, there was ample justification for Turner's higher sentence. Draper cooperated; Turner did not. Turner was the mastermind behind the robbery. And his status as a career offender ratcheted up his Guidelines range. Add it all up, and the disparity was justified.

Turner also says that the district court erred by denying his motion for a downward variance. In other words, he argues that his within-Guidelines sentence is too long. The district court, however, did all we ask when arriving at the 180-month sentence. The court considered the relevant 18 U.S.C. § 3553(a) factors, weighed the good and the bad, and determined that a sentence within the Guidelines range "reflect[ed] the purposes we seek to accomplish under [§] 3553(a)." According to the court, Turner "made his bed all these years over and over again," through a long (and sometimes violent) criminal history; so he had "to face the serious consequences that come with that." A within-Guidelines sentence was substantively reasonable.

\* \* \*

We AFFIRM.