NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0491n.06

No. 22-5949

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 01, 2023 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF KENTUCKY |
| WILLIS C. COCHRAN, | ) |  |
|  | ) | OPINION |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Before: BUSH, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Willis Cochran pleaded guilty to aiding and abetting bank robbery. He now appeals the district court's application of the career-offender enhancement. For the reasons stated, we AFFIRM.

I.

On January 9, 2020, John Knotts robbed a bank in Ashland, Kentucky. After Knotts implied that he had a weapon and demanded money, the teller put marked bills on the counter. Knotts took $1,065. He left the bank in a white van that he and Cochran had stolen in preparation for the robbery. Knotts drove to an apartment complex where Cochran was waiting for him in a different vehicle. They abandoned the stolen van by a dumpster and drove to a different bank where Knotts used $700 of the stolen loot to make a payment on a loan. Knotts gave Cochran $240 for his assistance.

A grand jury charged Cochran with aiding and abetting bank robbery by force or intimidation in violation of 18 U.S.C. § 2113. Cochran entered a plea agreement that preserved his right to appeal his sentence. The presentence report (PSR) calculated a Guidelines range of 151 to 188 months, including a career-offender enhancement under U.S.S.G. § 4B1.1(b)(3). Cochran did not object to the career-offender enhancement. The district court accepted the PSR's recommendation and sentenced Cochran to 151 months' imprisonment. Cochran timely appealed his sentence.

## II.

Cochran raises only one argument on appeal: that the district court erred by assessing the career-offender enhancement pursuant to U.S.S.G. § 4B1.1. Because Cochran did not object to the enhancement below, our review is for plain error only. *United States v. Thomas*, 969 F.3d 583, 584 (6th Cir. 2020) (per curiam). Under this standard, Cochran must show (1) error that (2) "was clear or obvious," (3) "affected [his] substantial rights," and (4) "affected the fairness, integrity, or public repudiation of judicial proceedings." *United States v. Babcock*, 753 F.3d 587, 590–91 (6th Cir. 2014) (quoting *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011)).

Section 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Cochran limits his argument to the third factor, claiming that he did not have at least two prior felony convictions.

U.S.S.G. 4B1.2(c) clarifies that the defendant's instant conviction must follow at least two felony convictions "counted separately" under § 4A1.1. Convictions "always are counted

separately if . . . separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2). And "[i]f there is no intervening arrest, prior sentences are counted separately unless" they result from offenses "in the same charging instrument" or the "sentences were imposed on the same day." *Id.*

According to the PSR—which Cochran did not challenge below and does not challenge now—Cochran had five robbery-related convictions, all of which added points to his criminal history. Each of those convictions was separated by an intervening arrest. And Cochran does not argue that the underlying offenses were not "crime[s] of violence" under § 4B1.1. The district court did not err by imposing the career-offender enhancement, much less plainly so.

Cochran argues that the district court should have considered the Supreme Court's decision in *Wooden v. United States*, 595 U.S. 360 (2022). But that case is inapt. The issue in *Wooden* was whether ten separate convictions arising from a single criminal episode may count ten times under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *Wooden* did not involve the career-offender enhancement in U.S.S.G. § 4B1.1. Cochran correctly notes that both designations require courts to find qualifying predicate offenses before applying the enhancements. But the tests for determining when those predicate offenses count are entirely different. Under the ACCA, convictions count separately when they are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Using the ordinary meaning of the word "occasion," the Supreme Court held that "multiple crimes may occur on one occasion even if not at the same moment." *Wooden*, 595 U.S. at 366. By contrast, the "counted separately" test under U.S.S.G. § 4A1.2(a)(2) asks whether there has been an intervening arrest, or whether the convictions resulted from offenses charged "in the same charging instrument" or whose "sentences were imposed on the same day." Cochran did not object to the presentence report, so he accepted its factual allegations. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc); *see also* Fed. R. Crim. P. 32(i)(3)(A).

And Cochran does not dispute that he has at least five prior felony offenses separated by intervening arrests. The U.S.S.G. § 4B1.1 career-offender enhancement plainly applies.

Cochran also argues that he had a right to have a jury determine whether he had qualifying predicate offenses for purposes of the career-offender enhancement. Cochran did not raise this issue below, so it too is reviewed for plain error. *See Thomas*, 969 F.3d at 584. Cochran has not met that standard. Cochran does little to develop his jury argument. At points he suggests that *Wooden* itself mandates the jury's involvement in the determination of the facts underlying the career-offender enhancement. If that is his argument, he is mistaken. As explained above, *Wooden* involved the ACCA, not a Guidelines enhancement. And, in any event, *Wooden* expressly declined to address "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." *Wooden*, 595 U.S. at 365 n.3.[1] If Cochran's argument is that application of the § 4B1.1 career-offender enhancement violates the Sixth Amendment because it was based on facts not found by a jury, it is likewise unavailing. Cochran was not entitled to jury findings to establish the predicate qualifying offenses because the Guidelines are advisory. *Vonner*, 516 F.3d at 385.

The district court did not err in assessing the § 4B1.1 enhancement.

\* \* \*

We AFFIRM.

---

[1] Although the Supreme Court recently granted certiorari to review this issue, *see Erlinger v. United States*, No. 23-370, 2023 WL 8007339 (Nov. 20, 2023), its resolution would not matter here because this case involves the advisory Guidelines, not the ACCA.